# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. _____

| | |
|---|---|
| ABRAHAM KORF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROCKET MORTGAGE, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Abraham Korf alleges Defendant Rocket Mortgage, LLC violated the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 *et seq.* ("RESPA") and Regulation X 12 CFR § 1024 *et seq.* while servicing the Plaintiff's mortgage loan.

## PARTIES

1.      Plaintiff is a natural person and resident of Miami-Dade County, Florida.

2.      Defendant is a foreign limited liability company with its principal address at 1050 Woodward Ave. Detroit, MI 48226.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claim arises under RESPA, a federal statute.

4.      This Court has personal jurisdiction over Defendant because it conducts business in Florida making it foreseeable that Defendant would be haled into a Florida Court.

5.      Venue is proper because the alleged acts and transaction occurred here, and Defendant transacts and conducts business here.

## FACTUAL ALLEGATIONS

6.      Plaintiff bought a home at 1257 Alton Road, Miami, FL 33139 secured by a mortgage ("Mortgage").

7.      Defendant services Plaintiff's mortgage.

8.      The Mortgage fell into default.

9.      Plaintiff hired Loan Lawyers, LLC to represent him regarding the alleged default.

10.     On December 9, 2021, Loan Lawyers, on behalf of Plaintiff, mailed a written request for information to Defendant's established address for requests for information. Exhibit A.

11.     The RFI requested information related to Defendant's servicing of the Mortgage.

12.     The RFI had sufficient information for Defendant to identify Plaintiff, the account number for Plaintiff's mortgage loan, and the information being requested.

13.     Defendant received the RFI on December 19, 2021.

14.     Under Regulation X, mortgage servicers must respond to requests for information by either: (1) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or (2) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance. 12 CFR § 1024.36(d)(1)(i)-(ii).

15.     Mortgage servicers must do one or the other identified above within 30 days after receiving the request for information.

16.     Defendant did not respond to the RFI within 30 days as required by RESPA and

Regulation X.

17.     As a result of Defendant's failure to comply with Regulation X, on or about February 7, 2022, Loan Lawyers, on behalf of Plaintiff, sent a certified letter notifying Defendant of its failure to comply with Regulation X and providing a chance to cure. Exhibit B.

18.     As a result of Defendant's failure to comply with Regulation X, Plaintiff was forced to spend money mailing the certified letter to Defendant.

19.     To date, Defendant has not provided the information requested or cured its violation of Regulation X.

20.     All conditions precedent to this lawsuit have either been satisfied or waived.

**COUNT I AS TO DEFENDANT'S VIOLATION
OF REGULATION X 12 CFR § 1024.36**

21.     Plaintiff is a "borrower" under RESPA because he signed the mortgage and is otherwise liable under the mortgage.

22.     Defendant is a "mortgage servicer" as defined by RESPA because it has accepted and applied mortgage payments from Plaintiff.

23.     Mortgage servicers must comply with § 1024.36 if they receive a request for information that has the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan. 12 CFR § 1024.36(a).

24.     The written RFI sent on Plaintiff's behalf had all of the above information.

25.     The written RFI was sent to Defendant's designated address for receiving requests for information.

26.     Based on the above, Defendant had a duty to comply with Regulation X § 1024.36.

27.     Defendant violated Regulation X because it did not provide Plaintiff with the requested information and contact information, including a telephone number, for further assistance in writing, nor did Defendant conduct a reasonable search for the requested information and provide Plaintiff with written notification that stated Defendant determined that the requested information is not available within (30) days.

28.     Defendant did not respond to the RFI at all.

29.     RESPA section 2605(f) provides:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts
>
> …
>
> In the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

30.     As described above, as a direct result of Defendant's failure to follow its duty under Regulation X, Defendant caused Plaintiff needless stress and anxiety.

31.     As a direct result of Defendant's failure to follow its duty under Regulation X, Plaintiff also wasted time and money sending a certified letter notifying Defendant of its failure to comply with Regulation X.

32.     Defendant is therefore liable to Plaintiff for actual damages and costs and attorneys' fees under 12 U.S.C. § 2605.

### RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiffs have been the subject of Defendant's illegal mortgage servicing conduct in violation of RESPA and Regulation

X. Plaintiff respectfully requests this Honorable Court to enter judgment for the following forms of relief:

      a)     Actual damages;

      b)     Reasonable attorneys' fees and costs pursuant to RESPA;

      c)     a judgment awarding injunctive relief;

      d)     That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

      e)     Such other and further relief as the Court may deem just and proper.

**Plaintiff respectfully request a trial by jury on all issues so triable.**

Respectfully Submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946


*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esq..
FL Bar No: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL  33312
Telephone: (954) 523-4357